**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NORMA EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN EQUITY INVESTMENT LIFE )<br>INSURANCE COMPANY and JEFF D. LOPEZ, )<br>)<br>Defendants. )<br>)<br>_____) | CIVIL ACTION<br><br>No. 07-2251-KHV |

**MEMORANDUM AND ORDER**

In the District Court of Johnson County, Kansas, Norma Evans filed suit against American Equity Investment Life Insurance Company and one of its former employees, Jeff D. Lopez, for negligence, breach of fiduciary duty, fraud and conversion. On June 11, 2007, defendants removed the case under 28 U.S.C. § 1441, asserting diversity jurisdiction. This matter is before the Court on Plaintiff's Motion To Remand This Case To The District Court Of Johnson County, Kansas (Doc. #7) filed June 14, 2007. Plaintiff maintains that removal was improper because Lopez – a prisoner in Kansas – was and is a citizen of the State of Kansas. For reasons stated below, the Court sustains plaintiff's motion.

**Legal Standards**

A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a). The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan.

1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petro., Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

## **Analysis**

Plaintiff argues that one of the defendants, Jeff D. Lopez, is a citizen of the State of Kansas, and that removal therefore was improper. The removal statute provides that a state action may be removed on diversity grounds only if none of the defendants in the action is a citizen of the state in which the lawsuit was brought. 28 U.S.C. § 1441(b). For purposes of diversity, state citizenship is the equivalent of domicile. See Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). The parties' citizenship or domicile is evaluated at the time the plaintiff's complaint is filed. See Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Powder River Basin Res. Council v. Babbitt, 54 F.3d 1477, 1484 (10th Cir. 1995). For purposes of diversity jurisdiction, courts presume that the domicile of a prisoner at the time of his incarceration remains his domicile during any term of incarceration. See Smith v. Cummings, 445 F.3d 1254, 1260 (10th Cir. 2006); Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996) (citing Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991)); Jones v. Hadican, 552 F.2d 249, 250-51 (8th Cir.), cert. denied, 431 U.S. 941 (1977); Jones v. United States, 305 F.

Supp.2d 1200, 1208 (D. Kan. 2004); Tennis v. Upland Mut. Ins., Inc., No. 96-2253-EEO, 1997 WL 450049, at *2 (D. Kan. July 7, 1997).[1] This presumption applies even if the prisoner is subsequently incarcerated in another state. See Smith v. Cummings, 445 F.3d at 1260. To establish a new domicile, the claimant asserting diversity must prove two elements: residence in the state and intent to remain in the state indefinitely. See Crowley, 710 F.2d at 678. Domicile is evaluated in terms of objective facts; statements of intent are given little weight if they conflict with objective facts. See Freeman v. N.W. Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985); Simmons v. Skyway of Ocala, 592 F. Supp. 356, 358 (S.D. Ga. 1984). Some of the objective factors that a court considers to evaluate domicile include: location of employment; home ownership and ownership of other real property; location of household furnishings; registration and title of automobiles; driver's licensing; voter registration; banking; acquiring and listing a telephone number; and receiving mail. See, e.g., id.; Knapp v. State Farm Ins., 584 F. Supp. 905, 907 (E.D. La. 1984). "Residence" in a given state does not establish citizenship for diversity purposes. See Banks v. St. Mary's Hosp. & Med. Ctr., 558 F. Supp. 1334, 1335 n.1 (D. Colo. 1983). Rather, the Court must look to the party's "entire course of conduct" to determine citizenship. See Freeman, 754 F.2d at 556.

As explained above, the Court presumes that when plaintiff filed her complaint, Lopez's

---

[1] Several circuit courts have held that this presumption may be rebutted if the prisoner establishes that he intends to be domiciled in the state where he is incarcerated, i.e. that he intends to stay in that state indefinitely. See Sullivan, 944 F.2d at 337; Hadican, 552 F.2d at 251; Stifel v. Hopkins, 477 F.2d 1116, 1124 (6th Cir. 1973). This exception does not apply here because Lopez is not attempting to show that he intends to be domiciled in Kansas, where he is incarcerated.

domicile was Kansas, his domicile before he was incarcerated.[2] See Smith v. Cummings, 445 F.3d at 1260; Denlinger, 87 F.3d at 216; Sullivan, 944 F.2d at 337; Jones v. Hadican, 552 F.2d at 250-51; Jones v. United States, 305 F. Supp.2d at 1208; Tennis, 1997 WL 450049 at *2. Lopez has the burden of overcoming this presumption. Defendants maintain that before Lopez was incarcerated in Kansas and before plaintiff filed suit, he intended to move to Arizona or California. Lopez has submitted a declaration in support of these facts, but in the joint notice of removal, defendants state that Lopez is a resident and citizen of the State of Kansas. See Joint Notice Of Removal (Doc. #1) ¶¶ 4, 17. Defendants are bound by their admission in the notice of removal. See Rooms v. S.E.C., 444 F.3d 1208, 1213 (10th Cir. 2006) (pleading prepared by counsel is admission because attorney speaks for litigant).[3]

As explained above, the Court must strictly construe the removal statute and resolve any doubts in favor of remand. Because Lopez was a citizen of the State of Kansas when plaintiff filed her complaint, removal of this case was improper.

---

[2] Lopez does not dispute that before his incarceration, he was a citizen of the State of Kansas.

[3] Even if the Court assumes that Lopez intended to move outside Kansas, defendants have not established that he is currently a citizen of another state. "Truly exceptional circumstances" are required to rebut the presumption that a prisoner retains his pre-incarceration domicile. See Jones v. Hadican, 552 F.2d at 251; Waste Recovery Corp. v. Mahler, 566 F. Supp. 1466, 1468 (S.D.N.Y. 1983). Lopez has presented no evidence that he was a resident of Arizona or California before he was incarcerated, and by itself, intent to move to another state is insufficient to establish a new domicile. See Smith v. Cummings, 445 F.3d at 1260 (to establish domicile, person must be physically present in state and intend to remain there) (citation omitted); Crowley, 710 F.2d at 678 (to effect change in domicile, two things indispensable: residence in new domicile and intent to remain there indefinitely). In sum, Lopez has failed to come forward with evidence to rebut the presumption that he had retained his Kansas domicile at the time plaintiff filed her complaint. Cf. Smith v. Cummings, 445 F.3d at 1260 (if prisoner decides he wants to live in another state upon release *and is assigned to prison in that state*, domicile becomes that state) (citing Sullivan, 944 F.2d at 337).

Plaintiff seeks an award of fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Such an award is within the Court's discretion. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997); Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Comp. Ins., Inc., 977 F. Supp. 1116, 1128 (D. Kan. 1997). To award fees, the Court need not find that defendant acted in bad faith. See Suder, 116 F.3d at 1352. Absent unusual circumstances, however, the Court may award attorney's fees only if defendant lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005). This case was not removable under Section 1441(b) because Lopez was a citizen of the State of Kansas. In the joint notice of removal, defendants admitted that Lopez was a resident and citizen of Kansas. Accordingly, they lacked an objectively reasonable basis for seeking removal. The Court awards fees in this case to compensate plaintiff for the time and resources expended in remedying defendants' improper removal. See id.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand This Case To The District Court Of Johnson County, Kansas (Doc. #7) filed June 14, 2007 be and hereby is **SUSTAINED**. **This case is remanded to the District Court of Johnson County, Kansas.** The Court orders the parties to comply with D. Kan. Rule 54.2 in determining the proper award of fees and costs. If the parties are able to agree on the proper award of fees and costs, the parties shall file a stipulation on or before **August 17, 2007**. If the parties are unable to agree on the proper award of fees and costs, on or before **August 20, 2007**, plaintiff shall file a statement of consultation required by D. Kan. Rule 54.2 and a memorandum setting forth the factual basis for an award with supporting time records, affidavits or other evidence. On or before **September 4, 2007**, defendants

may file a response.  On or before **September 18, 2007**, plaintiff may file a reply.

     Dated this 27th day of July, 2007 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Court